IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIERRE J. HILL                                                                                    PETITIONER

VS.                                                             CIVIL ACTION NO. 3:18cv479-DPJ-FKB

PELICIA HALL                                                                                   RESPONDENT

## REPORT AND RECOMMENDATION

Tierre J. Hill entered a plea of guilty in the Circuit Court of Warren County, Mississippi, to two counts of attempted murder. By order dated September 29, 2014, he was sentenced to serve 30 years on each count, the sentences to run consecutively. He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely, or, in the alternative, as raising unexhausted claims. Hill has filed no response to the motion. The undersigned recommends that the motion be granted and the petition dismissed with prejudice as untimely.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Hill's conviction became final on September 29, 2014, and his one-year limitations period began to run that day. He had one year from that date, or until September 29, 2015, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court. Hill filed no motion in state court for post-conviction relief prior to September 29, 2015. Therefore, his AEDPA statute of limitations ran on that date.

Hill did not file his federal habeas petition until on or after July 19, 2018.[1] Thus, his petition is untimely. Furthermore, he has not shown that he is entitled to equitable or statutory tolling or that any other exception applies. For this reason, the undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Hill's petition was "filed" sometime between the date it was signed, July 19, 2018, and the date it was received and filed by this court, July 23, 2018.

Because the petition is subject to dismissal with prejudice, there is no need to address Respondent's alternative argument that Petitioner has failed to exhaust his state court remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of February, 2019.

                                          s/ F. Keith Ball
                                          United States Magistrate Judge