UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIERRE J. HILL                                                                                         PETITIONER

V.                                                                      CIVIL ACTION NO. 3:18-CV-479-DPJ-FKB

PELICIA HALL                                                                                        RESPONDENT

ORDER

This 28 U.S.C. § 2254 habeas corpus Petition is before the Court on Respondent Pelicia Hall's Motion to Dismiss [5] and the Report and Recommendation ("R&R") of United States Magistrate Judge F. Keith Ball [6]. Judge Ball recommended dismissal with prejudice of the Petition as untimely. Petitioner Tierre J. Hill filed an Objection [7] to the R&R in which he contends his Petition was timely filed. For the reasons that follow, the Court adopts the R&R and grants the motion to dismiss.

On July 24, 2014, Hill pleaded guilty to two counts of attempted murder in the Circuit Court of Warren County, Mississippi. On September 29, 2014, that court sentenced him to two consecutive terms of 30 years' imprisonment. So for purposes of the one-year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Hill's conviction became final on September 29, 2014. *See Hooge v. Shaw*, No. 3:17-CV-369-TSL-LRA, 2018 WL 1096127, at *2–3 (S.D. Miss. Feb. 2, 2018) (explaining that state-court prisoner's conviction becomes final following entry of guilty plea on date of sentencing); Miss. Code Ann. § 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.").

On October 2, 2017, Hill filed a Motion for Correction of Sentence in the Warren County Circuit Court; that motion remained pending as of September 17, 2018. Hill filed his habeas

Petition in this Court on July 23, 2018.  Judge Ball recommended dismissal as untimely because the one-year statute of limitations on Hill's habeas claims expired on September 29, 2015—more than 2 years and 9 months before Hill filed his Petition.

In his Objection, Hill argues that the limitations period should be tolled under 28 U.S.C. § 2244(d)(2), which provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* Obj. [7] at 2–3.  Assuming Hill's October 2, 2017 motion qualifies as a "properly filed application for State post-conviction or other collateral review," by the time it was filed, the statute of limitations on Hill's habeas claims had long-since expired.  The motion therefore has no tolling effect.  *See Bogan v. Moore*, 55 F. Supp. 2d 597, 600 (S.D. Miss. 1999) ("Once the one[-]year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief.").

Because Hill's habeas claims are time-barred, the Court adopts the Report and Recommendation [6] and grants Hall's Motion to Dismiss [5].  A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 4th day of March, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE